UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHAVADA WHEELER, Individually and for Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>vTECH HEALTHCARE, INC.<br><br>       Defendant. | Case No. 1:22-cv-561 |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

By and through undersigned counsel, Plaintiff, Shavada Wheeler, individually and on behalf of all others similarly situated, hereby brings this Collective and Class Action Complaint to recover unpaid wages and overtime compensation, liquidated damages, attorney's fees, costs and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq*. and Ohio Rev. Code Ann. §4111.03 and Ohio common law:

**I. PARTIES**

1. Plaintiff, Shavada Wheeler ("Plaintiff"), is an individual domiciled in the State of Texas;

2. Plaintiff has consented to filing the instant action. (Exhibit "A").

3. Defendant, vTech Healthcare, Inc. ("vTech" or "Defendant"), is a domestic corporation with its corporate office located at 42730 Freedom Street, Chantilly, Virginia 20152.

**II. JURISDICTION**

4. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* to recover unpaid wages and overtime compensation, liquidated damages, attorneys'

fees and costs, pursuant to §216(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. §1331.

5. Plaintiff also brings claims for violation of Ohio law to recover unpaid overtime and per diem pay. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for Plaintiff's state law claims because they arise out of the same nucleus of operative facts of the FLSA claims.

### III. VENUE

6. Venue is proper in this District as Defendant conducts business and is domiciled within this District and a substantial part of the events giving rise to the claims sued upon herein occurred in this District.

### IV. FACTS

7. Defendant provides healthcare staffing solutions across the country in various fields including nursing, pharmacy, therapy, physicians and related healthcare fields by hiring workers and assigning them to work for healthcare providers. (See: www.vtechhealthcare.com)

8. Plaintiff was employed by Defendant as a certified phlebotomist and was paid a total of $41.00 per hour which Defendant categorized as "$10/hour taxable on (W2) and $31/hour non-taxable plus without benefits" according to its employment offer transmitted to Plaintiff via email on November 11, 2021.

9. Plaintiff worked for Defendant as a certified phlebotomist under the above-described compensation structure from approximately November 11, 2021 to February 26, 2022 and was assigned to Genesis Healthcare Systems, 2951 Maple Avenue, Zanesville, Ohio.

10. Plaintiff regularly worked in excess of forty (40) hours a week. For such overtime hours, Defendant calculated Plaintiff's overtime pay using only the "taxable" $10.00 per hour rate.

11. Defendant classified the $31.00 per hour "nontaxable" component of Plaintiff's $41.00 hourly rate as "Nontaxable Per Diem" on Plaintiff's paystubs which Defendant did not include when calculating Plaintiff's overtime rate.

12. Plaintiff's Nontaxable Per Diem was based upon and thus varied with the number of hours worked per day or week she worked for Defendant.

13. Plaintiff's $31.00 Nontaxable Per Diem was paid weekly and adjusted based on hours or shifts worked.

14. Contrary to the express language in Plaintiff's employment agreement, Defendant capped the $31.00 Nontaxable Per Diem at forty (40) hours in a week.

15. Plaintiff and similarly situated employees were not required to track, document or otherwise provide proof of their daily living expenses in order to receive their Nontaxable Per Diem.

16. Defendant's Nontaxable Per Diem was not a reasonable approximation of costs incurred by Plaintiff or similarly situated employees for traveling and staying away from home but was instead a scheme to avoid paying overtime by excluding Nontaxable Per Diem from Plaintiff and similarly situated employee's actual regular rate of pay when calculating overtime pay.

17. The amount of taxable hourly pay paid by Defendant to Plaintiff and similarly situated employees does not represent and is less than the prevailing wage for similarly skilled workers.

18. Defendant intentionally paid "taxable" hourly wages grossly below the average rate to avoid overtime wage obligations for hours worked in excess of forty (40) in a workweek.

19. Plaintiff and similarly situated employees' Nontaxable Per Diem pay bears no reasonable relationship to the actual expenses incurred and is thus wages and not expense reimbursement.

20. Defendant's Nontaxable Per Diem does not represent expenses incurred solely for Defendant's benefit because such payments were compensation for work performed.

21. The Nontaxable Per Diem paid to Plaintiff and similarly situated employees is not deductible from the employee's regular rate of pay as Plaintiff and similarly situated employees would normally incur expenses of traveling to and from work, paying rent or living expenses and buying food as part of their normal everyday expenses.

22. Section 7(a) of the FLSA requires Defendant to pay Plaintiff and similarly situated employees overtime pay equal to one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

23. Plaintiff and similarly situated employees have regularly worked in excess of forty (40) hours per workweek and have been paid overtime for those hours but at a rate that excludes amounts paid as a Nontaxable Per Diem.

24. For example, for the pay period of February 20, 2022 to February 28, 2022, Plaintiff worked a total of sixty-six (66) hours and was paid $10.00 per hour for forty (40) hours, $15.00 per hour for twenty-two (22) hours and a Nontaxable Per Diem of $1,240.00.

25. As a further example, for the pay period beginning January 30, 2022 to February 5, 2022, Plaintiff worked a total of 70.82 hours and received $10.00 per hour for forty (40) hours, $15.00 per hour for 30.82 hours and a Nontaxable Per Diem of $1,240.00.

26. The FLSA and its implementing regulations require that the regular rate of pay, include the Nontaxable Per Diem in calculating Plaintiff and similarly situated employees' regular rate of pay for purposes of overtime.

27. Defendant also maintained a companywide policy and practice of capping hourly Nontaxable Per Diem at forty (40) hours in a workweek, including weeks where Plaintiff and similarly situated workers worked over forty (40) hours, when such payments were owed on all hours worked.

28. Defendant's company-wide policy of failing to include Nontaxable Per Diem in calculating Plaintiff and similarly situated employees' regular rate of pay for purposes of calculating overtime violated the FLSA and Ohio law and was done knowingly and in bad faith, rendering Defendant liable to Plaintiff and similarly situated employees for unpaid Nontaxable Per Diem and overtime compensation, liquidated damages, attorneys' fees, expenses, interest, costs, and all other appropriate relief.

29. Defendant breached its employment contract with Plaintiff and other Ohio employees by failing to pay the agreed upon Nontaxable Per Diem for all hours worked including those in excess of forty (40) in a workweek rendering Defendant liable to Plaintiff and other Ohio employees for unpaid Nontaxable Per Diem, liquidated damages, attorneys' fees, expenses, interest, costs, and all other appropriate relief.

## V. COVERAGE UNDER THE FLSA

30. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

31. At all relevant times, Defendant has been an enterprise within the meaning of 29 U.S.C. §203(r).

32. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

33. Defendant has had an annual gross volume of sales or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

34. At all relevant times, Plaintiff and similarly situated employees are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

35. Plaintiff and similarly situated employees used cell phones, computers, materials, supplies and medical equipment that was manufactured in or purchased and shipped from one state to another, traveled from one state to another state to perform work, and were paid by electronic deposit, all of which constitutes interstate commerce.

## VI.   FLSA COLLECTIVE ACTION ALLEGATIONS

36. Pursuant to 29 U.S.C. §216(b) the FLSA collective of similarly situated employees sought to be conditionally certified as a collective action is defined as:

> All persons employed by vTech Healthcare, Inc., who were paid on an hourly basis and whose overtime rate did not include Nontaxable Per Diem compensation at any time since three (3) years prior to filing this Complaint. (Collective Members)

37. Plaintiff and the Collective Members are "similarly situated" as that term is used in 29 U.S.C. §216(b) because, among other things, all such individuals were eligible for and did receive overtime premium pay but such pay did not include Nontaxable Per Diem pay in calculating their regular rate of pay for determining overtime as statutorily required.

38. The Collective Members are known to the Defendant and can be readily identified and located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA.  29 U.S.C. §211(c); 29 C.F.R. §516, *et seq.*

39. Whether Defendant violated the FLSA by failing to include Nontaxable Per Diem pay in calculating Plaintiff and the Collective Members' regular rate of pay for overtime requires inquiry into common facts and can be determined using representative testimony in a collective action.

40. Defendant's practice and policy of not including Nontaxable Per Diem pay in calculating Plaintiff's and the Collective Members' regular rate of pay for overtime was based on an established company-wide policy that applied to Plaintiff and all Collective Members.

41. Conditional certification of this case as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) is necessary so that the Collective Members may be notified of this action and allowed to opt-in for the purpose of collectively adjudicating their claims under the FLSA.

42. There are numerous similarly situated current and former Collective Members who have not been paid their statutorily-required overtime rates and who would benefit from issuance of Court supervised notice of this lawsuit and the opportunity to join.

### VII. VIOLATION OF THE FAIR LABOR STATNDARDS ACT

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. The FLSA and its implementing regulations require that, for purposes for calculating overtime, an employee's regular rate of pay must include all forms of remuneration. Plaintiff and the Collective Members' Nontaxable Per Diem is not a bona fide per diem and is instead wages that must be included in Plaintiff's and the Collective Members' regular rate of pay when determining overtime pay.

45. Defendant failed to include Nontaxable Per Diem in the regular rate of pay when calculating overtime for Plaintiff and the Collective Members. This failure violates §7(a) of the

FLSA because Defendant's employees are working overtime without being paid their statutorily required rates. 29 U.S.C. §207(a).

46. At all relevant times, Defendant had a policy in practice of willfully refusing to pay Plaintiff and the Collective Members their legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

47. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Members at a rate not less than 1.5 times their regular rate of pay for all overtime work, Defendant has violated and continues to violate the FLSA.

48. Defendant's conduct, as alleged herein, constitutes a willful and knowing violation of the FLSA within the meaning of 29 U.S.C. §255(a).

49. Plaintiff and the Collective Members are entitled to unpaid Nontaxable Per Diem in weeks they worked overtime, overtime compensation, liquidated damages, attorneys' fees, interest and costs.

### VIII. OHIO STATE LAW CLASS CLAIMS

50. At all relevant times, Plaintiff worked for Defendant as a certified phlebotomist and was assigned to the Genesis Healthcare System, 2951 Maple Avenue, Zanesville, Ohio from November 29, 2021 to approximately February 26, 2022.

51. On November 11, 2021, Plaintiff accepted a job offer from Defendant with a pay rate of "$41.00 an hour ($10/hour taxable on W2 and $31/hour nontaxable) + without benefits + $800.00 bonus ($200 first pay cheque and $200 on 6th pay cheque and $400 on last pay cheque)."

52. Defendant's offer of employment was set forth in an email and accepted by email by Plaintiff and thus constitutes a contract of employment between Plaintiff and Defendant.

53. Under the terms of the contract of employment, Plaintiff was to receive "$31/hour nontaxable" on all hours worked. However, throughout Plaintiff's employment, she was paid $31 an hour nontaxable only up to forty (40) hours per week and not for all hours worked.

54. Defendant's failure to pay Plaintiff the agreed upon $31.00 per hour nontaxable compensation for all hours worked over forty (40) per workweek is a breach contract of employment.

55. Plaintiff knows and has reason to believe that all other similarly situated workers accepted the same or similar offers of employment and were, like her, denied full payment of all nontaxable hourly compensation for hours worked over forty (40).

56. Plaintiff seeks certification of a Breach of Contract class pursuant to Fed.R.Civ.P. 23 defined as follows:

> All persons employed by vTech Healthcare, Inc. in the State of Ohio who accepted an offer of employment that stated that Defendant will pay a non-taxable hourly amount and who were not paid such amount for all hours worked at any time since two (2) years prior to filing this Complaint. (Breach of Contract Class)

57. Plaintiff also brings a claim for violation of the Ohio Overtime Compensation Law (Ohio Rev. Code Ann. §4111.03) on behalf of herself and a class defined as follows:

> All persons employed by vTech Healthcare, Inc. in the State of Ohio who were paid on an hourly basis and whose overtime rate did not include nontaxable compensation at any time since two (2) years prior to filing this Complaint. (Ohio Overtime Class)

58. At all relevant times, Defendant was an employer covered by the Ohio Overtime Compensation Statute, Ohio Rev. Code Ann. §4111.03.

59. Defendant violated the Ohio Overtime Compensation Statute by failing to include Nontaxable Per Diem in its employees' regular rate when calculating overtime.

60. Defendant's violation of Ohio Rev. Code Ann. §4111.03 damaged Plaintiff and the Ohio Overtime Class in that that they did not receive overtime compensation due to them pursuant to the statute.

61. Ohio Rev. Code Ann. §4111.10(a) provides that Defendant, having violated §4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, for all costs and reasonable attorney fees as may be allowed by the Court.

62. The Ohio Breach of Contract and Overtime classes are so numerous that joinder of all class members is impracticable. The number and identities of the Class Members are readily ascertainable from Defendant's records.

63. Questions of law and fact common to the Ohio Breach of Contract and Unpaid Overtime classes predominate over individual issues and include, but are not limited to:

   a) Whether Defendant's offers of employment constitute employment contracts under Ohio law;

   b) Whether the terms of the offers of employment accepted by the Breach of Contract Class Members require Defendant to pay Nontaxable Per Diem for all hours worked;

   c) Whether the Nontaxable Per Diem is a wage;

   d) Whether the Nontaxable Per Diem must be included in the Overtime Class Members' regular rate of pay for purposes of calculating overtime;

   e) Whether Defendant's failure in determining the regular rate of pay for calculating overtime was done willfully or in bad faith;

    f)    Whether the Breach of Contract Class Members are owed Nontaxable Per Diem as unpaid wages;

    g)    Whether the Ohio Overtime Class Members are owed liquidated damages; and

    h)    Whether Defendant is liable for attorneys' fees and costs.

64. Plaintiff's claims are typical of the claims of other members of the Ohio Breach of Contract and Overtime classes. Plaintiff's claims arise out of Defendant's uniform policy and are based on the same legal theories and facts as the claims of other Class Members.

65. Plaintiff will fairly and adequately protect the interest of the Ohio Breach of Contract and Overtime classes. Plaintiff's interests are not antagonistic to the interest of other Class Members. Plaintiff's counsel has extensive experience handling wage and hour class action cases and are qualified to prosecute the Ohio class claims asserted herein.

66. Common questions of law and fact predominate over any individual questions. The primary legal issues that will determine Defendant's liability, listed above, are common to the class as a whole and predominate over any individual questions.

67. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would result in separate suits and potentially inconsistent results.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shavada Wheeler, respectfully prays that there be judgment rendered herein in favor of Plaintiff, individually and on behalf of all similarly situated Collective Members, Breach of Contract Class Members and Overtime Class Members as follows:

      a.      Conditionally certifying this case as a FLSA collective action pursuant to 29 U.S.C. §216(b) and directing that Court approved notice be issued advising putative collective members of the existence of this action and the procedure for opting in;

      b.      Certifying this case as a class action pursuant to Fed.R.Civ.P. 23 for the Ohio Breach of Contract and Ohio Overtime classes, as defined above, and appointing Plaintiff as class representative and undersigned counsel as class counsel;

      c.      Judgment against Defendant and in favor of Plaintiff and all Collective Members who opt-in this case pursuant to 29 U.S.C. §216(b) awarding compensatory damages comprised of unpaid Nontaxable Per Diem, overtime compensation, with liquidated damages, attorneys' fees and costs pursuant to the FLSA;

      d.      Awarding compensatory damages to Plaintiff and the Ohio Overtime Class in the amount of their unpaid overtime wages as well as liquidated damages, as allowed by law;

      e.      Awarding damages to Plaintiff and the Ohio Breach of Contract Class for unpaid Nontaxable Per Diem on all hours worked; and

      g.      Awarding Plaintiff her costs and attorneys' fees along with legal interest, as allowed by law.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully Submitted:


By: /s/ *Zev H. Antell*
    Craig J. Curwood (VSB No. 43975)
    Zev H. Antell (VSB No. 74634)
    Paul Falabella (VSB No. 81199)
    BUTLER CURWOOD, PLC
    140 Virginia Street, Suite 302
    Richmond, Virginia 23219
    804-648-4848 – Telephone
    804-237-0413 – Facsimile
    Email:   craig@butlercurwood.com
                 zev@butlercurwood.com
                 paul@butlercurwood.com

    Philip Bohrer *(pro hac vice to be filed)*
    phil@bohrerbrady.com
    Scott E. Brady *(pro hac vice to be filed)*
    scott@bohrerbrady.com
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana 70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000


    *Attorneys for Plaintiff*